**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TRACY NIXON,

    Plaintiff - Appellant,

v.

WOODMAN OF THE WORLD;
ASSURED LIFE ASSOCIATION;
RICKEY B. FERGUSON; DRUSILLA C.
FERGUSON,

    Defendants - Appellees.

No. 24-1003
(D.C. No. 1:23-CV-02350-CNS-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Tracy Nixon, appearing pro se, filed a complaint for interpleader and

declaratory relief against four defendants in the United States District Court for the

District of Colorado, apparently contending that the defendants lacked title to a

parcel of land that he claimed to be his through adverse possession. His complaint

was dismissed for lack of diversity jurisdiction under 28 U.S.C § 1332 or jurisdiction

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the federal interpleader statute, 28 U.S.C. § 1335. Many concerns could be raised about the propriety of the purported interpleader claim. But we need address only one—the jurisdiction of the district court to hear this case.

Mr. Nixon, who had been a tenant of property on Malcolm X Boulevard in Dallas, Texas, was served an eviction notice in March 2023. This led to his complaint (1) alleging that he is the owner of the property by virtue of adverse possession and (2) disputing any claim of ownership by defendants Woodman of the World, a citizen of Nebraska; Assured Life Association, a citizen of Colorado; and Rickey B. and Drusilla C. Ferguson, citizens of Texas. The complaint alleges that Mr. Nixon is also a citizen of Texas.

The complaint invoked jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1335 (interpleader). The district court first dismissed the case without prejudice for lack of complete diversity because both Mr. Nixon and the Fergusons reside in Texas.

Mr. Nixon moved for reconsideration, arguing that the court had jurisdiction under the interpleader statute, 28 U.S.C. § 1335, which requires only minimal diversity of the parties—that is, it is sufficient that two of the claimants are of diverse citizenship. But the district court held that there was no jurisdiction under that statute because of the failure of Mr. Nixon to deposit the property in dispute into the registry of the court.[1] *See Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1310

---

[1] The relevant statutory language reads:

(10th Cir. 2022) ("[T]he deposit requirement of § 1335 is satisfied when the plaintiff-stakeholder, as authorized by the court, places the property that is the subject of the dispute into the custody of an officer of the court, such as a receiver."). (We also note that Mr. Nixon had the alternative of giving a "bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper." 28 U.S.C. § 1335(a)(1).)

On appeal Mr. Nixon does not dispute that he and the Fergusons are citizens of Texas, defeating the diversity of citizenship necessary for jurisdiction under § 1332. Nor

---

The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) *the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court*, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C § 1335(a) (emphasis added).

does he allege, much less show, that he deposited any property with the court or posted any bond, as required by § 1335. Accordingly, the district court properly ruled that it lacked jurisdiction over his claim. *See Wells Fargo*, 31 F.4th at 1308.

We **AFFIRM** the district court's dismissal for lack of jurisdiction, mooting all other arguments by Mr. Nixon. Appellant's pending motion to proceed on appeal without prepayment of costs or fees is denied.

Entered for the Court

Harris L Hartz
Circuit Judge